**In re 2001 CINCINNATI, INC. VIP CLUBS OF AMERICA E.I. # 25-1387512, Debtor.**

**SWEDA INTERNATIONAL, INC., Plaintiff,**

**v.**

**Jeffrey P. HARRIS, Trustee, Defendant and Third Party Plaintiff,**

**v.**

**GIGGLES COMEDY CLUB, INC., Third Party Defendant.**

**Adv. No. 1-83-0568.**
**Related No. 1-81-00489.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 12, 1984.

Dennis S. Risch, Cincinnati, Ohio, for plaintiff.

Robert P. Thomas, Cincinnati, Ohio, for defendant.

Jeffrey P. Harris, Cincinnati, Ohio, Interim Trustee.

DECISION

BURTON PERLMAN, Bankruptcy Judge.

The plaintiff in this adversary proceeding was a lessor of equipment to the debtor,

namely four cash registers. Defendant is the trustee in the related Chapter 7 case. In its complaint, plaintiff seeks to impose liability upon defendant on grounds that defendant breached his duty to plaintiff with respect to the four cash registers. The case came on for trial. Defendant moved to dismiss at the close of plaintiff's case. We reserved decision on that motion, as well as on defendant's renewal of the motion at the conclusion of all the evidence. The case was submitted at the close of all the evidence.

The evidence in the case consisted of a stipulation of fact entered into between the parties, answers to certain requests for admissions offered by defendant, and the testimony of the trustee. The stipulation states that debtor filed a Chapter 11 case on February 25, 1981 which was converted to Chapter 7 on July 6, 1981. The trustee was appointed on July 7, 1981. On July 11, 1981 Don Bates took an inventory of debtor's assets, and the four cash registers appeared on the inventory. Debtor leased the cash registers from plaintiff, and plaintiff assigned all of its interest in the leases to Litton Industries Credit Corporation. Upon debtor's default on the lease agreement, the assignment was revoked and the lease reverted to plaintiff. The whereabouts of the subject cash registers is unknown. Plaintiff did not request a return of the cash registers until a letter dated September 10, 1982 was sent to defendant. Litton Industries filed a proof of claim in the bankruptcy and was thereby duly notified of all proceedings which occurred in the administration of the debtor's bankruptcy estate. Defendant did not sell the cash registers. Plaintiff notified debtor of the assignment of the lease agreement to Litton Industries and was at that time directed to make its payments to Litton Industries. The requests for admission add to the stipulation only the admission that plaintiff filed no proof of claim under its own name in the bankruptcy.

The testimony of the trustee established the following, which we also find as facts. Defendant is an experienced trustee, having served the Bankruptcy Court in that capacity since 1977 or 1978. He has handled many cases, and over twenty converted cases. Promptly after his appointment in the present case, he reviewed the bankruptcy schedules to see if there were tangible assets. He learned that there were some, and thereupon went to the premises of the debtor where he checked the doors and locks. Because debtor was located in a shopping mall the defendant depended upon the security measures provided by the mall operator. On visits to the debtor's premises, the defendant saw the cash registers there. Defendant sold the assets of the debtor. The premises of the debtor were taken over by an entertainment enterprise and thereafter defendant had no access to the premises. Defendant has no idea what happened to the cash registers.

The operative facts in the case are limited and simple. Defendant trustee assumed control of debtor's premises promptly after his appointment, and without undue delay proceeded to dispose of the assets at those premises. Because he was aware from an examination of the schedules filed by the debtor, that the cash registers in question were not owned by debtor but only leased, he did not include them in his sale. Defendant made no effort while he was in possession of the premises to contact plaintiff for the purpose of advising them that they could retrieve their property. Plaintiff, for its part, took no steps to retrieve its property, the cash registers, until long after the trustee turned over the premises to the successor occupant. This was notwithstanding that plaintiff was on notice of the bankruptcy because the bankruptcy caused reversion of the assigned lease to plaintiff.

A trustee is a fiduciary, but in bankruptcy he is a fiduciary only for creditors. *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 462 n. 8 (6th Cir.1982). In the case before us, plaintiff was not a creditor of debtor. It follows that defendant owed plaintiff no fiduciary duty. With respect to plaintiff, defendant was nothing more than an involuntary bailee. 8 Am.

Jr.2d pp. 800–801 *Bailments* § 64 (1980). His duty then with respect to plaintiff's property was that of a gratuitous bailee. As such, he is liable only for gross neglect. *Id.* at p. 944 § 217. 8 Ohio Jur.3d pp. 434–437 *Bailments* § 43 (1978).

■ The facts in the case before us make it clear that plaintiff's loss was not caused by defendant's gross neglect. Defendant held the cash registers for plaintiff as long as he controlled the premises where they were located. Defendant took all reasonable steps to secure the premises where the cash registers were located promptly upon his appointment as trustee.

■ In reaching the decision we do here, we are mindful not only of the exercise of reasonable care by defendant, but also of the conduct of plaintiff. It is simply not equitable for an owner of property in the custody of a bankruptcy trustee to leave it there indefinitely and to complain when it is no longer available well over a year after the trustee took possession. We think there is a duty on such an owner of property seasonably to retrieve its property after a bankruptcy is filed. By no stretch of the imagination can the extensive period between filing of bankruptcy and demand be regarded as seasonable. Any other view would impose upon creditors an unwarranted expense, the cost of preserving property which is not property of the estate.

Defendant's motion to dismiss will be granted and the complaint will be dismissed.